MORRILL v. HARDWARE JOBBERS' PURCHASING CO. et al.

(Circuit Court, S. D. New York.   July 22, 1904.)

**2. PATENTS—INFRINGEMENT—SAW-SETS.**
   The Morrill patents, Nos. 441,962, 532,175, and 703,440, each covering a saw-set, construed, and *held* not infringed.

In Equity.   Suit for infringement of letters patent No. 441,962, to Charles Morrill, granted December 2, 1890, No. 532,175, to the same, granted January 8, 1895, and No. 703,440, July 1, 1902, to Sarah C. Morrill, executrix, each for a saw-set.   On final hearing.

A. Bell Malcomson, for complainant.
Mr. Wilkinson, for defendants.

PLATT, District Judge.   Patent suit for infringement and accounting on divers patents mentioned hereafter.   Final hearing. The defense is that, in view of the prior art, the claims in issue are either invalid, or that they must be construed so narrowly that the defendant avoids infringement.   An examination of the art instantly discloses the fact that for more than 20 years the opportunities for advancement must have stimulated the sale of powerful microscopes. With the unaided eye important changes may pass unnoticed.   The candid trier must exercise unusual care when he treads upon such delicate ground.

Patent 441,962.   Claims 1 and 2 are in issue:

"(1) The combination, with a saw-set having an adjustable or fixed anvil and saw-adjusting device, of a horizontally moving cylindrical hammer having a concaved and adapted to work in frictional contact with the cylindrical projection on the lower end of the punch-handle, substantially as shown and described.

"(2) The combination, with a saw-set having an adjustable or fixed anvil and horizontally moving cylindrical hammer, of the saw-adjusting device composed of a screw arranged at a suitable angle to the horizontal center of the main body of the device, and supported by the correspondingly depending screw-threaded lug arranged on the under side of the device, substantially as shown and described."

It is admitted that complainant's exhibit, defendants' infringing saw-set, does not infringe claim 1.   The only attempt at novelty is the concavity of the horizontally moving lever, engaging frictionally with the cylindrical projection on the punch-handle, thus securing alignment.   This is a common device, and it is only necessary to select the Harvey patent, 248,463, from the many references.   Complainant says that it appears in figure 1 of the drawing of defendants' exhibit Potter Application, under which defendant claims to be manufacturing, but it is enough to say that it is absent from the device in evidence.   So that, in any aspect of the case, we must eliminate claim 1.

If claim 2 has any novelty, it resides in the substitution of the adjusting screw, d, for Charlton's gage-plate, nn (302,891), and the adjustment of the screw at a particular angle.   Defendant sets his screw at an acute angle to the saw.   Complainant, by his specification, con-

fines himself to practically a right angle, which he calls in his claim "a suitable angle." This claim may be eliminated.

Patent 532,175. This has only one claim, viz.:

"The combination, substantially as shown and described, consisting of the main stock, a, the lever, b, plunger, c, retracting spring, d, depending lug, e, gage screw, f, rotatively adjustable anvil, h, having the indentations, o, thereon (the latter adapted to engage with corresponding means for locking the anvil in position), pin, i, shield washer, k, pin, l, and spring, m; the whole forming a complete device."

When letters are scattered so profusely through a claim, one naturally expects a narrow construction. The example before us is no exception to the rule. The complainant evidently sees that his only chance to discover infringement here is to claim pioneership, and so obtain the benefit of a stronger application of the doctrine of equivalents. Both by the prior art and by its own plain statements, the claim is closely limited to a means for automatically locking the anvil in its various operative positions. The other elements appear in Charlton, 302,841, or in the preceding patent in suit, 441,962. The rotatory adjustable cylindrical anvil having the eccentrically beveled edge came from Trickett's English patent No. 2,076. What remains is the automatic locking device, one form of which is shown in figures 1, 2, and 4, and another form appears in figures 9 and 10. In the beginning of his specifications he speaks specifically of the combination of parts whereby the anvil is locked automatically. And he must be confined to the kind of lock he describes, because an anvil lock was old. Taintor patent, No. 452,399, shows how essential it was to specify the exact parts and form of parts to be used. Defendant obsolutely omits the important feature of the patent in suit, and has not copied certain other details of construction, which must appear if we are to sustain the patent. Defendant does not infringe the second patent.

Patent 703,440. Claim 1 only is in issue:

"(1) In a saw-set a rotary concentric anvil having an eccentric bearing-surface and beveled anvil face, and a movable setting device having its operative face slightly inclined to the anvil face, the inclination being toward the perimeter of the anvil as described."

The defendant does not use a rotary concentric anvil having an eccentric bearing-surface. His anvil is eccentric, and his bearing-surface and beveled face are concentric to the anvil. This is enough of itself.

The defendant also claims that the operative face of his hammer is not at all inclined toward the perimeter of the anvil, but that it is parallel to the beveled face, and thus sets flat against the whole saw tooth. My eyes are too weary to work out positively this contention. I think that he is right, but he does not infringe in any event, and I need not follow him further.